THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**BANESCO USA,**

    **Plaintiff ,**

    **v.**

**FEDERACIÓN DE ASOCIACIONES PECUARIAS DE PUERTO RICO,**

    **Defendant.**

**CIVIL NO.: 25-01023 (MAJ)**

**OPINION AND ORDER**

### I.   Introduction

This debt-collection action is brought by Banesco USA ("Banesco") against Federación de Asociaciones Pecuarias de Puerto Rico ("FAPPR"). (**ECF No. 1**). Before the Court is a Motion for Summary Judgment filed by Banesco. (**ECF No. 54**).

On November 26, 2025, Banesco moved for Summary Judgment and filed a corresponding Statement of Uncontested Material Facts. (**ECF No. 54, 55**). Responses were due by December 15, 2025. (**ECF No. 53**). No Response was filed, nor was an extension of time requested. The Court therefore adopts the facts set forth in 55 "Statement of Uncontested Material Facts" as true. *See* FED. R. CIV. P. 56(e)(2); LOCAL RULE 56(e).[1] Taking those facts to be true, and after an in-depth review of the motion for

---

[1] For a more detailed explanation of Local Rule 56, *see infra* at 2. A district court has the discretionary authority to declare a motion for summary judgment unopposed where no timely opposition has been filed, and a district court may properly exercise that discretion so long as there is no "unreasoning and arbitrary insistence upon expeditiousness in the face of a justified request for delay." *Alberti v. Carlo-Izquierdo*, 548 Fed. Appx. 625, 630 (1st Cir. 2013) (upholding district court opinion deeming motion for summary unopposed where non-movant filed an opposition, yet that opposition was marked by "a number of fatal flaws). Since FAPPR has neither filed an opposition nor requested an extension of time, the instant Motion for Summary Judgment is deemed unopposed.

summary judgment, the Court concludes that Plaintiff is entitled to Summary Judgment on its claims. *See Sánchez-Figueroa v. Banco Popular de Puerto Rico*, 527 F.3d 209, 212 (1st Cir. 2008) ("The entry of a summary judgment motion as unopposed does not automatically give rise to a grant of summary judgment because the district court still must consider the plaintiff's [claims] based on the record properly before the court, viewing the uncontested facts in the light most favorable to the non-moving party.") (internal quotations omitted).

## II. Findings of Fact

Under Local Rule 56, "A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts." Under the Rule, "[u]nless a fact is admitted, the opposing statement shall support each denial or qualification by a record citation[.]" D.P.R. Loc. Civ. R. 56(c). "[C]ompliance with Local Rule 56 is a mandate, not a suggestion." *Ramírez-Rivera v. DeJoy*, 693 F. Supp. 3d 210, 213 (D.P.R. 2023); *see also López-Hernández,* 64 F.4th at 26 ("We have repeatedly emphasized the importance of complying with said local rule and have implored litigants to comply or ignore it 'at their peril.'"). Accordingly, where a fact set forth by the movant has not been properly controverted, it will be deemed admitted. D.P.R. Loc. Civ. R. 56(e) ("The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.").[2] In this case, FAPPR never filed any statement of uncontested material facts, as required by Local Rule 56. Where, as here, a party fails to comply with Local Rule 56, "[t]he court

---

[2] Local Rule 56(c) is also known as the "anti-ferret rule," as it is "intended to protect the district court from perusing through the summary judgment record in search of disputed material facts and prevent litigants from shifting that burden onto the court." *López-Hernández v. Terumo P.R. LLC*, 64 F.4th 22, 26 (1st Cir. 2023).

[has] no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." D.P.R. Loc. Civ. R. 56(e).

Banesco is a bank authorized to do business in Puerto Rico. (**ECF No. 55 at 1 ¶ 1**). Defendant FAPPR is a corporation that does business in Puerto Rico. *Id*. at 1 ¶ 2. In 2017, Banesco and FAPPR executed a Credit Agreement, whereby (1) Banesco extended a commercial loan to FAPPR in the amount of $7,000,000.00 with interest at an annual rate of six percent (6%), plus default interest at an annual rate of two percent (2%) in excess of the applicable annual rate, and a maturity date on August 15, 2022 ("Loan I"); and (2) Banesco extended a commercial loan to FAPPR in the principal amount of $1,300,000.00, with interest at an annual rate of six percent (6%), plus default interest at an annual rate of two percent (2%) in excess of the applicable annual rate, and maturity date on August 15, 2022 ("Loan II"). *Id*. at 2 ¶ 3. The loans were disbursed to Defendant. *Id*. at 2 ¶ 4-5. Banesco remains the owner of the promissory notes signed by Defendant in order to execute the loan agreement. *Id*. at 2 ¶ 6. Between 2022 and 2024, the parties executed a series of amendments to the loan agreements. *Id*. at 3-6.

The loan agreement is guaranteed by five mortgage notes owned and held by Banesco. *Id*. at 6-8 ¶¶ 16-17. Those five mortgage notes encumber four distinct parcels of real property. *Id*. at 9-20 ¶¶ 20-43. Each mortgage note has been properly recorded, and each property is owned by Defendant. *Id*. at 9-20 ¶¶ 21-37.

FAPPR has breached its obligations towards Banesco under the Loan Agreement and associated documents by failing to make agreed upon payments. *Id*. at 20 ¶ 44. On June 7, 2024 and August 16, 2024, Banesco sent two consecutive Notices of Default to FAPPR informing its failure to comply with its monthly payments as agreed in the Loan Agreement as amended, thereby accelerating the amounts owed and declaring that all

the obligations under the Loan Agreement were immediately and automatically due and payable in full. *Id.* at 20-21 ¶¶ 45-46.

As of November 24, 2025, Defendant owes to Banesco, under Loan I, the sum of $5,538,967.96 in principal; plus interests in the amount of $848,507.79 which continues to accrue, even post-judgment as per agreement of the parties, until full payment of the debt at $1,461.67 per diem; plus accrued late charges in the amount of $293,637.32, which continues to accrue, even post-judgment as per agreement of the parties, until full payment of the debt; plus other charges in the amount of $673,290.00; plus any other advance, charge, fee or disbursements made by Banesco on behalf of Defendant, in accordance with the Loan Agreement, as amended, as well as under the other loan documents. *Id.* at 21 ¶ 47.

As of November 24, 2025, Defendant owes Banesco, under Loan II, the sum of $75,080.72 in principal; plus interests in the amount of $11,990.40 which continues to accrue, even post-judgment as per agreement of the parties, until full payment of the debt at $19.81 per diem; plus accrued late charges in the amount of $6,867.55, which continues to accrue, even post-judgment as per agreement of the parties, until full payment of the debt; plus any other advance, charge, fee or disbursements made by Banesco on behalf of Defendant, in accordance with the Loan Agreement, as amended, and under the other loan documents. *Id.* at 21-22 ¶ 48.

In addition, Defendant owes Banesco costs and agreed attorney's fees in the aggregated amount of $1,017,000.00 as per agreed by the parties. *Id.* at 22 ¶ 49.

### III. Legal Standard

Summary judgment is appropriate when there is no genuine dispute as to any material fact and only questions of law remain. *White v. Hewlett Packard Enterprise Co.*,

985 F.3d 61, 68 (1st Cir. 2021). "A genuine dispute is one that a reasonable fact-finder could resolve in favor of either party[.]" *Flood v. Bank of Am. Corp.*, 780 F.3d 1, 7 (1st Cir. 2015). "A fact is material if it has the potential of affecting the outcome of the case[.]" *Taite v. Bridgewater State Univ., Bd. of Trs.*, 999 F.3d 86, 93 (1st Cir. 2021) (internal quotations and citations omitted).

"The party moving for summary judgment bears the initial burden of showing that no genuine issue of material fact exists." *Feliciano-Muñoz v. Rebarber-Ocasio*, 970 F.3d 53, 62 (1st Cir. 2020) (citation omitted). In opposing a motion for summary judgment, the non-movant "bears the burden of producing specific facts sufficient to" defeat summary judgment. *González-Cabán v. JR Seafood Inc.*, 48 F.4th 10, 14 (1st Cir. 2022) (internal quotations and citation omitted). The Court "must take the evidence in the light most flattering to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 6 (1st Cir. 2003). In addition, the Court will "not engage making credibility determinations or weighing the evidence at the summary judgment stage[.]" *Pina v. Children's Place*, 740 F.3d 785, 802 (1st Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Even where a summary judgment motion is unopposed, "the district court must still consider the [claims] based on the record properly before the court, viewing the uncontested facts in the light most favorable to the non-moving party[,]" that is, here, in a light most favorable FAPPR. *Sánchez-Figueroa*, 527 F.3d at 212; *see also Espacio Residential, LLC v. Gómez-Sánchez*, Civ. No. 16-2349, 2023 WL 3548974, at *2 (D.P.R. May 18, 2023).

### IV. Analysis

A mortgage creditor may bring three types of suits to collect a debt: (1) a summary foreclosure proceeding, (2) a civil foreclosure proceeding or (3) an ordinary suit for collection of monies. *See* 30 L.P.R.A. § 6131 *et seq*. In the instant case, Banesco brings two parallel claims for relief: (1) an action for the collection of monies, (**ECF No. 1 at 24 ¶¶ 81-85**), and (2) an action for foreclosure of collateral, *id*. at 24-25 ¶¶ 86-90.

After a thorough review of the Motion for Summary Judgment, viewing the facts in a light most favorable to FAPPR, it is undisputed that FAPPR breached the loan agreement as amended by failing to make repayments on the outstanding debt, (**ECF No. 55 at 20 ¶ 44**). *See MMG PRCI CFL, LLC. v. BMF, Inc.*, Civ. No. 19-1461, 2023 WL 387605, at *4 (D.P.R. Jan. 25, 2023) (upon review of an unopposed motion for summary judgment, "the district court still must . . . [view] the uncontested facts in the light most favorable to the non-moving party") (internal quotations and citations omitted). The validity of the loan agreement is also not in dispute. *See generally* (**ECF No. 55**). The amount owed by FAPPR on the loan is not in dispute, *id*. at 21 ¶¶ 47-48, nor is the validity of the related agreements collateralizing the real property at issue, *id*. at 6-20 ¶¶ 16-43. Accordingly, Banesco is entitled to summary judgment as to each of its claims.

### V. Conclusion

For the reasons set forth above, the Court finds that summary judgment is warranted. The Court hereby **ORDERS** (1) FAPPR shall pay to Banesco all outstanding debt detailed above, (**ECF No. 55 at 21-22 ¶¶ 47-49**) subject to post-judgment interest, and (2) the collateral securing the loan agreement between the parties shall be sold at public sale and all money due to Banesco shall be paid from the proceeds of that sale, (**ECF No. 55 at 6-20 ¶¶ 16 -43**); *but see* 30 L.P.R.A. § 6131 (holding that mortgaged

assets may not satisfy the attorneys' fees and costs incurred through legal action, except where the mortgage agreement sets forth an agreed upon amount for that purpose) ("Los bienes hipotecados no responden de las costas y honorarios de abogados que se ocasionen por la reclamación judicial salvo que la cantidad convenida para este propósito surja de la escritura de constitución de hipoteca."). Partial Judgment shall follow accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of December, 2025.

<u>*s/ María Antongiorgi-Jordán*</u>
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**