### THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| **BANESCO USA,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL NO.: 25-01023 (MAJ)** |
| **FEDERACIÓN DE ASOCIACIONES PECUARIAS DE PUERTO RICO,** | |
| **Defendant.** | |

### OPINION AND ORDER

#### I.    Introduction

This debt-collection action is brought by Banesco USA ("Banesco") against Federación de Asociaciones Pecuarias de Puerto Rico ("FAPPR"). (**ECF No. 1**). On April 21, 2025, FAPPR answered the Complaint and filed a Counterclaim, raising claims of fraud, unjust enrichment, and commercial damages. (**ECF No. 14**); (**ECF No. 28**).[1] Banesco moved to dismiss the Counterclaim under Rule 12(b)(6) for failure to state a claim for which relief may be granted. (**ECF No. 32**).[2] FAPPR opposed the motion. (**ECF No. 39**).[3]

The Court referred the Motion to the Honorable Magistrate Judge Mariana E. Bauzá-Almonte for a Report and Recommendation. (**ECF No. 37**). On February 10,

---

[1]    On April 21, 2025, FAPPR filed the Counterclaim. (**ECF No. 14**). Shortly thereafter, on June 16, 2025, FAPPR filed the First Amended Counterclaim, which is subject to the present motion to dismiss. (**ECF No. 28**). Throughout this Opinion and Order, the Court will refer to the First Amended Counterclaim as the "Counterclaim."

[2]    That same day, Banesco also filed a Motion to Strike the Demand for a Jury Trial. (**ECF No. 33**). Because the Court finds that the Motion to Dismiss must be granted, the Motion to Strike the Demand for a Jury Trial is hereby **DENIED** as moot.

[3]    Banesco subsequently filed a Reply. (**ECF No. 44**).

2026, Judge Bauzá-Almonte filed a Report and Recommendation recommending that the Court grant the Motion to Dismiss. (**ECF No. 59**). FAPPR timely filed an objection to the Report and Recommendation. (**ECF No. 61**). For the reasons that follow, the Court adopts the Report and Recommendation in its entirety and grants the Motion to Dismiss. Accordingly, the Counterclaim is hereby **DISMISSED**.[4]

## II.    Factual Background

As Judge Bauzá-Almonte summarized in the Report and Recommendation, FAPPR is a corporation that produces, manufactures, and processes animal feed products. (**ECF No. 59 at 2**).[5] Banesco is a banking corporation. *Id.* On August 15, 2017, FAPPR and Banesco executed two loans ("Loan I" and "Loan II"; collectively "the Loan Agreement"). *Id.* Loan I was a commercial loan in the principal amount of $7,000,000.00, and Loan II was a commercial loan in the principal amount of $1,300,000.00. *Id.*

In September 2017, immediately after the execution of the Loan Agreement, Puerto Rico was hit by Hurricane Irma and Hurricane Maria. *Id.* According to the Counterclaim, "[t]he damage to . . . FAPPR['s] business and Banesco's collateral was

---

[4]    Under 28 U.S.C. § 636(b)(1)(C), a federal district court judge may refer a dispositive motion to a magistrate judge for a Report and Recommendation. *See Alamo Rodriguez v. Pfizer Pharm. Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (quoting 28 U.S.C. § 636(b)(1)). A party is entitled to de novo review upon filing written objections to a Report and Recommendation within fourteen days, 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

[5]    For the purposes of resolving this Motion, the Court treats the well-plead facts alleged in the Counterclaims as true. *See Boit v. Gar-Tec Prod.*, Inc., 967 F.2d 671, 675 (1st Cir. 1992) ("In determining whether a prima facie showing has been made, the district court is not acting as a factfinder. It accepts properly supported proffers of evidence by a [claimant] as true."). In addition, the Court notes that FAPPR does not object to the way that the Report and Recommendation represents the facts alleged in the Counterclaim. *See* (**ECF No. 61**). The Court will therefore draw from the Report and Recommendation in summarizing those alleged facts.

catastrophic" to the extent of rendering the collateral to the Loan Agreement "ultimately inoperative and worthless." (**ECF No. 28 at 16 ¶ 13–15**).

In 2022, with the maturity date for the Loan Agreement approaching, Banesco and FAPPR discussed the need for restoring the property and the need to restructure their credit agreement in parallel with those restoration efforts. (**ECF No. 59 at 2**). During the course of negotiations over a possible deal to restructure the Loan Agreement, the parties executed three amendments to the contract. (**ECF No. 1 at 4–7 ¶¶ 13–23**); (**ECF No. 1-5**); (**ECF No. 1-6**); (**ECF No. 28 at 4–5 ¶¶ 10–13**); (**ECF No. 56 at 3**). Meanwhile, FAPPR received over seven (7) million dollars from investors and invested approximately thirty (30) to forty (40) million dollars in the property that collateralized the Loan Agreement. (**ECF No. 28 at 17 ¶ 23**). Although FAPPR's operations were stopped during the restoration process, FAPPR continued to make repayments; at that time, "Loan [II] was almost repaid in its entirety and Loan [I] significantly amortized." (**ECF No. 28 at 17 ¶¶ 24–26**). As the parties continued with their negotiations, Banesco approved a series of temporary forbearances. (**ECF No. 28 at 17 ¶¶ 21–26**). Then, on March 17, 2025, after the expiration of the last forbearance, Banesco changed its position and informed FAPPR that it would not restructure the credit agreement; instead, Banesco informed that it would commence efforts to foreclose on the collateral to the Loan Agreement. (**ECF No. 28 at 17–18 ¶¶ 28–29**).

### III.    Procedural Background

On January 14, 2025, Banesco filed this action, seeking to collect the debt and foreclose on the mortgage. (**ECF No. 1**). FAPPR subsequently filed the Counterclaim that is the subject of this Opinion and Order, (**ECF No. 28**), which Banesco moved to dismiss. (**ECF No. 32**). Then, in November 2025, while the Motion to Dismiss the

Counterclaim was still pending resolution, Banesco filed a Motion for Summary Judgment, requesting that the Court grant judgment in favor of Banesco on its debt-collection claim. (**ECF No. 54**). FAPPR did not oppose the motion. On December 18, 2025, the Court issued an Opinion and Order granting summary judgment in favor of Banesco. (**ECF No. 56**). Partial judgment was entered accordingly. (**ECF No. 57**). FAPPR did not request reconsideration of the Court's order, nor did FAPPR move to set aside the judgment under Rule 60.

On February 10, 2026, Judge Bauzá-Almonte filed a Report and Recommendation in which she concluded that the Counterclaim should be dismissed in its entirety. (**ECF No. 59**). As the Report and Recommendation explains, Judge Bauzá-Almonte reached that conclusion because, pursuant to the Loan Agreement, FAPPR had waived the right to bring any counterclaims arising from the agreement. (**ECF No. 59 at 6−9**).[6] Specifically, the Report and Recommendation looked to Section 10 of the Second Amendment to the Loan Agreement, which provides as follows:

---

[6]    In addition, the Report and Recommendation rejected the argument that the motion to dismiss was untimely and should have been dismissed on that ground, concluding that that argument was "nothing more than smoke and mirrors." (**ECF No. 59 at 5**). As the Report and Recommendation explained, Banesco originally filed its Rule 12(b)(6) motion prior to filing an Answer. (**ECF No. 18, 31**). The Court then entered the following case management order:

> ORDER notifying the parties that discovery will not be stayed pending the resolution of: 18 " Motion to Dismiss for Failure to State a Claim." Counter-Defendant Banesco USA must file an Answer to: 14 "Counterclaim" by 6/13/2025.

(**ECF No. 20**). After FAPPR filed the Amended Counterclaim, Banesco timely filed an Answer in accordance with the Court's prior case management order. (**ECF No. 31**). That same day, several minutes after filing the Answer to the Counterclaim, Banesco filed a "renewed" motion to dismiss the Amended Counterclaim, raising the same arguments presented in their original motion to dismiss, (**ECF No. 18**), apparently in an effort to carefully ensure that the motion to dismiss would be entertained by the Court. The Court rejects FAPPR's opportunistic timeliness argument: Banesco only filed its renewed motion to dismiss after its answer as a result of the Court's prior scheduling order ruling that Banesco would be required to answer the Counterclaim notwithstanding the pending motion to dismiss. Furthermore, as the Report and Recommendation correctly points out, the fact that a motion to dismiss is filed after an answer would not warrant denial of the motion; instead, the motion to dismiss is construed as a motion for judgment on the pleadings. (**ECF No. 59 at 5−6**). The applicable standard on a motion for judgment on the pleadings is the same as the standard applied on a Rule 12(b)(6) motion, except that a motion for

forever waives, releases and discharges any and all claims (including without limitation, cross-claims, counterclaims, rights of setoff and recoupment), defenses, actions, causes of action, demands, suits, costs, expenses, liabilities, obligations and damages that the Borrower now has or hereafter may have, of whatsoever nature and kind, whether known or unknown, whether now existing or hereafter arising, whether arising at law or in equity (hereinafter, collectively, "Claims"), against the Lender, its subsidiaries and affiliates, and its and their respective successors, assigns, officers, directors, employees, agents, attorneys and other representatives (hereinafter, collectively, the "Lender Releasees"), based in whole or in part on facts, whether or not known, existing or occurring on or prior to the date of this Amendment, the Credit Agreement, the other Loan Documents and the Outstanding Indebtedness, and agrees to hold the Bank Releasees harmless from and against all such Claims. The provisions of this Section 10 shall survive the termination of the Credit Agreement and payment in full of the Outstanding Indebtedness.

**(ECF No. 59 at 6–7)**.[7] Analyzing that provision under Puerto Rico law, the Report and Recommendation concluded that the provision constituted a "a clear waiver of FAPPR's right to assert counterclaims against Banesco." (**ECF No. 59 at 7**). The Report and Recommendation also rejected the argument raised by FAPPR that the waiver provisions

---

judgment on the pleadings "implicates the pleadings as a whole." *Curran v. Cousins*, 509 F.3d 36, 43 (1st Cir. 2007).

[7]      The Third Amendment to the Loan Agreement also contained a waiver provision under Section 8 of that agreement, as the Report and Recommendation noted:

> In consideration of, among other things, the amendments to the Credit Agreement provided for herein, the Borrower does hereby (i) acknowledges and confirms that it does not have any grounds, and hereby agree not to challenge (or allege or to pursue any matter, cause or claim arising under for with respect to), in any case based upon acts or omissions of the Lender, the effectiveness, genuineness, validity, collectability, or enforceability of the Credit Agreement and the other Loan Documents, the Outstanding Indebtedness, the liens, mortgages and security interests constituted or created by the Loan Documents, or any of the terms or conditions of any Loan Documents, or an and all claims (including without limitation, cross-claims, counterclaims, rights of setoff and recoupment), defenses, action, causes of action, demands, suits, costs, expenses, liabilities, obligations and damages that the Borrower now has or hereafter may have, whether arising at law or in equity (hereinafter, collectively, "Claims"), against the Lender, its subsidiaries and affiliates, and its and their respective successors, assigns, officers, directors, employees, agents, attorneys and other representatives (hereinafter, collectively, the "Lender Releasees"), based in whole or in part on facts, whether or not known, existing or occurring on or prior to the date of this Amendment, and in any way directly or indirectly arising out of or in any way connected to this Amendment, the Credit Agreement, the other Loan Documents and the Outstanding Indebtedness, and agree to hold the Bank Releasees harmless from and against all such Claims. The provisions of this Section 8 shall survive the termination of the Credit Agreement and payment in full of the Outstanding Indebtedness.

**(ECF No. 59 at 6–7)**.

at issue were voidable on the grounds of fraud, since FAPPR had failed to state a claim for fraud in the Counterclaim. (**ECF No. 59 at 8–9**). As the Report and Recommendation explained in detail, the Counterclaim failed to set forth sufficiently particular facts to state a claim of fraud. (**ECF No. 59 at 8**) ("[T]o survive a motion to dismiss for failure to plead fraud with particularity, the plaintiff must have included specific pleadings as to time, place and contents of the false representations, as well as the identity of the person or persons making the misrepresentation and what the person or persons obtained thereby.") (quoting *Generadora de Electricidad del Caribe, Inc. v. Foster Wheeler Corp.*, 92 F. Supp. 2d 8, 18 (D.P.R. 2000) (internal quotations omitted)).

FAPPR timely filed an Objection to the Report and Recommendation. (**ECF No. 61**). The Objection raises two arguments.[8] First, FAPPR argues that the Court lacks subject matter jurisdiction to entertain the Counterclaim and – despite raising this argument in opposition to a motion to dismiss its own counterclaims – FAPPR emphasizes that the Court "may determine if it lacks subject-matter jurisdiction at any moment during the pendency of a case." (**ECF No. 61 at 11 ¶¶ 34–36**). Second, FAPPR asserts that the Report and Recommendation effectively "converted" the instant Rule 12(b)(6) motion to dismiss into a motion for summary judgment without affording FAPPR "a reasonable opportunity for discovery prior to ruling on the converted motion." (**ECF No. 61 at 12 ¶ 38**).[9] The Court will address each issue in turn.

---

[8]       The Court will only address issues raised by FAPPR in the Objection to the Report and Recommendation. *Davet v. Maccarone*, 973 F.2d 22, 31 (1st Cir. 1992) ("Failure to raise objections to the Report and Recommendation waives the party's right to review in the district court and those claims not preserved by such objection are precluded on appeal."); (**ECF No. 59 at 11–12**) (warning that "[a]ny objections to the [Report and Recommendation] must be *specific* and must be filed with the Clerk of Court within fourteen days of its receipt. Failure to file timely and *specific* objections to the report and recommendation is a waiver of the right to [. . .] review.") (emphasis added).

[9]       To be clear, FAPPR raises no objection to the conclusion drawn by the Report and Recommendation that FAPPR had failed to adequately plead a claim of fraud and therefore had raised no

## IV.    Legal Standard

A motion for judgment on the pleadings under Rule 12(c) "is treated much like a Rule 12(b)(6) motion to dismiss." *Perez–Acevedo v. Rivero–Cubano*, 520 F.3d 26, 29 (1st Cir. 2008). As with a motion to dismiss under Rule 12(b)(6), a motion for judgment on the pleadings under Rule 12(c) requires the Court to "view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom" in the non-movant's favor. *R.G. Financial Corp. v. Vergara–Nuñez*, 446 F.3d 178, 182 (1st Cir. 2006).

To resolve a 12(b)(6) or a 12(c) motion, federal courts follow a two-step method. *See Rivero–Cubano*, 520 F.3d at 29 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)). First, the court must "isolate and ignore statements in the [Counterclaim] that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). The Counterclaim need not include detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, the court must take the remaining "well-[pleaded] . . . facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Schatz*, 669 F.3d at 55 (citations and quotations omitted). In addition to the well-pleaded facts presented on the face of the Counterclaim, "the court may consider matters fairly incorporated within the [pleadings] and matters susceptible of judicial notice." *Andrew Robinson Int'l, Inc. v.*

---

defense to the application of the waiver provisions contained in the Loan Agreement. (**ECF No. 59 at 8–9**). Upon careful review, the Court agrees with the conclusions drawn in the Report and Recommendation that FAPPR had failed to raise a claim of fraud. Since no objection to those findings was raised by FAPPR, the Court will not address those issues in detail in this Opinion and Order. *See supra* n. 8.

*Hartford Fire Ins. Co.*, 547 F.3d 48, 51 (1st Cir. 2008). A Rule 12(c) motion merely differs from a Rule 12(b)(6) motion in that "it implicates the pleadings as a whole." *Aponte–Torres v. University of Puerto Rico*, 445 F.3d 50, 54–55 (1st Cir. 2006). In short, a Rule 12(c) motion is "based solely on the factual allegations in the complaint and answer." *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 8 (1st Cir. 2002).

## V.    Analysis

### A. Subject Matter Jurisdiction

FAPPR raises a jurisdictional challenge to the Report and Recommendation, asserting that the Court lacks subject matter jurisdiction over the instant case. (**ECF No. 61 at 11 ¶¶ 34–36**). In the Complaint, Banesco alleges that it is a corporation headquartered and organized under the laws of Florida. (**ECF No. 1 at 1 ¶ 2**). Because FAPPR is a citizen of Puerto Rico, Banesco invoked the Court's jurisdiction over cases where the parties are citizens of diverse states, 28 U.S.C. § 1332. (**ECF No. 1 at 2 ¶ 4**). FAPPR alleges, however, that Banesco is a citizen of Puerto Rico because it "actively runs a business in the Commonwealth of Puerto Rico." (**ECF No. 28 at 12 ¶ 1**).

The Court rejects this challenge to the Report and Recommendation out of hand. Even if it were true that the Court lacked subject matter jurisdiction over the instant case, that would provide yet another reason to adopt the disposition of the Report and Recommendation, which, to reiterate, recommends the dismissal of FAPPR's Counterclaim: if there were no proper diversity jurisdiction over this case, that is but an additional ground to dismiss the Counterclaim.

Read favorably, it appears that this jurisdictional challenge is really an indirect attempt by FAPPR to undo the judgment previously entered in favor of Banesco on its debt-collection claims. *See* (**ECF No. 57**) The Court declines that invitation. FAPPR is

correct that, in a diversity case, a lack of complete diverse among the parties is fatal to jurisdiction "no matter when it [is] discovered." *Morales Rivera v. Sea Land of Puerto Rico, Inc.*, 418 F.2d 725, 726 (1st Cir. 1969). However, if FAPPR intends to stage an attack against the partial judgment previously entered by the Court in favor of Banesco, (**ECF No. 57**), the Federal Rules of Civil Procedure provide a specific vehicle for that purpose: Rule 60. An objection to a Report and Recommendation that recommends the disposition of an unrelated motion to dismiss distinct claims unaffected by that prior judgment is no substitute for a motion for relief from judgment under Rule 60. Accordingly, FAPPR's objection is overruled.

## B. Standard of Review

As previously summarized, in its second objection, FAPPR asserts that the Report and Recommendation effectively "converted" the instant Rule 12(b)(6) motion to dismiss into a motion for summary judgment under Rule 12(d) without affording FAPPR "a reasonable opportunity for discovery prior to ruling on the converted motion." (**ECF No. 61 at 12 ¶ 38**). The argument advanced by FAPPR reads as follows:

> Additionally, we note that the Report and Recommendation is drafted as such in which it evaluates the standard of review of the Motion to Dismiss under the standard of a converted motion under Rule 12(d). Under the Discussion section, Part I(A), commencing at the second paragraph of age 5 (sic) until the end of the section on page 6, the Honorable Judge Bauzá-Almonte establishes that pursuant to the standard of Rule 12(c), she shall evaluate the merits of the Motion to Dismiss ("With this standard in mind, the Court turns to the Banesco's Motion to Dismiss.", reads the last sentence of Section I(A) at page 6.) . . . Notwithstanding, the Honorable Judge makes no recommendation that would allow the parties to have notice of such conversion and permit them "a reasonable opportunity for discovery prior to ruling on the converted motion" on the matters contained in the Motion to Dismiss. The Report makes no note or recommendation on the procedural right to notice and opportunity to discover on those matters afforded to the parties per Rule 12(d).

(**ECF No. 61 11–12 ¶¶ 37–38**). This objection suffers from an obvious defect: it conflates Rule 12(c) and Rule 12(d), two distinct procedural rules. As previously summarized, under Rule 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Once again, a Rule 12(c) motion is effectively a Rule 12(b)(6) motion that "implicates the pleadings as a whole[,]" i.e. the complaint and answer. *Aponte–Torres v. University of Puerto Rico*, 445 F.3d 50, 54–55 (1st Cir. 2006). Rule 12(d), which addresses the "result of presenting matters outside the pleadings" in a motion to dismiss, is entirely distinct: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). The fact that the present motion was construed by the Report and Recommendation as a motion for judgment on the pleadings under Rule 12(c) does not trigger the "reasonable opportunity" requirement of Rule 12(d). This objection is therefore overruled.

Because the Court need not entertain any objections to the Report and Recommendation that were not expressly and specifically raised by FAPPR, *see supra* n. 8, no further analysis is necessary. However, for the sake of reading the objections filed by FAPPR in a most charitable light, the Court notes that the Report and Recommendation did look to "matters outside the pleadings" when it interpreted the waiver provisions of the Loan Agreement. (**ECF No. 59 at 6–7**). Nevertheless, that did not trigger the "reasonable opportunity" requirement of Rule 12(d), because the Loan Agreement constituted a document "the authenticity of which [was] not disputed by the parties" as well as a document "central to [the] claim[s]" and "sufficiently referred to in

Civ. No. 25-1023 (MAJ)                                                      Page 11

the [Counterclaim.]" *See Curran v. Cousins*, 509 F.3d 36, 44 (1st Cir. 2007) (internal quotations and citations omitted). Such documents effectively "merge[] into the pleadings and the trial court can review it" on a Rule 12(b)(6) or 12(c) motion without converting the motion to one for summary judgment under Rule 12(d). *Id.* (citations and quotations omitted). FAPPR does not dispute the authenticity of the Loan Agreement or its waiver provisions, which undoubtedly constitutes a document "central" to the Counterclaim. Instead, FAPPR merely claims that such provisions were unenforceable because they were purportedly obtained by fraud. However, as explained above, FAPPR failed to make out a claim for fraud and failed to raise any objections regarding its claims of fraud. Accordingly, consideration of the waiver provisions of the Loan Agreement was not improper.

## VI.    Conclusion

For the reasons set forth above, the Court finds that dismissal of the Counterclaim is warranted. The Court hereby adopts the Report and Recommendation in its entirety and **GRANTS** the present Motion to Dismiss. The Counterclaim filed by FAPPR is hereby **DISMISSED**. Judgment shall follow accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of March, 2026.

> **/s/ María Antongiorgi-Jordán**
> **MARIA ANTONGIORGI-JORDAN**
> **UNITED STATES DISTRICT JUDGE**